[Cite as *TPI Asset Mgt., L.L.C. v. Baxter*, 2011-Ohio-5584.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TPI ASSET MANAGEMENT, L.L.C., | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee, | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 2011CA000007 |
| EUGENE S. BAXTER, | : | |
| | : | |
| | : | |
| Defendant-Appellant. | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Knox County Court of
Common Pleas, Case No. 10 AC11-0713


JUDGMENT:  AFFIRMED


DATE OF JUDGMENT ENTRY:  October 25, 2011


APPEARANCES:

For Appellant:                                For Appellee:

BRYAN B. JOHNSON                      KENNETH E. LANE
5003 Horizons Dr., Suite 200           5 N. Gay St., Suite 220
Columbus, OH 43220                      Mount Vernon, OH 43050

*Delaney, J.*

{¶ 1} Defendant-Appellant Eugene S. Baxter appeals the April 6, 2011 decision of the Knox County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee TPI Asset Management, LLC., in this credit card collection action.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant obtained a credit card account from Citibank South Dakota N.A. on or about June 15, 1993. Appellant allegedly made his last payment on the account on March 4, 2005, leaving a remaining balance on the account in the amount of $5,610.25. Citibank assigned the account to Unifund CCR Partners, which assigned the account to Appellee.

{¶ 3} Appellee originally filed its complaint for collection of the credit card debt against Appellant on October 8, 2009. The case proceeded through discovery and on June 29, 2010, Appellee filed a motion for summary judgment. The motion for summary judgment was filed in contravention of the Knox County Court of Common Pleas Local Rules, so Appellee dismissed its complaint without prejudice on August 31, 2010. At that time, the case had been set for trial on September 2, 2010.

{¶ 4} On November 15, 2010, Appellee re-filed its complaint. Appellee alleged breach of contract, account, and unjust enrichment, demanding $5,610.25, plus costs and accrued interest and charges of $10,563.07 through July 31, 2009, plus costs and interest at the rate of 31.74% per annum. Appellee served Appellant with discovery on January 18, 2011. Appellant answered the complaint and responded to Appellee's discovery requests.

**{¶ 5}** Appellee re-filed its motion for summary judgment on January 27, 2011. Appellant filed a response to Appellant's motion for summary judgment pursuant to Civ.R. 56(F), requesting more time to respond to Appellee's motion to permit Appellant to conduct discovery. Appellant attached an affidavit to its Civ.R. 56(F) motion, stating in pertinent part, Appellant "desired to take the deposition of counsel for plaintiff; take the deposition of the Citi Bank employee that signed the affidavits relied upon by plaintiff; and submit written interrogatories. [Counsel for Appellant] has not had the opportunity to do so due to his efforts in responding to plaintiff's pleadings, and the heavy workload of the office." Appellee responded to Appellant's motion arguing that Appellant had ample time to conduct discovery due to this case being a re-filing.

**{¶ 6}** The trial court did not rule on Appellant's request for continuance of the summary judgment proceedings pursuant to Civ.R. 56(F). Rather, the trial court granted Appellee's motion for summary judgment on April 6, 2011. The trial court found there was no genuine issue of material fact that Appellant owed Appellee $5,610.25, plus accrued interest and charges of $10,563.07 through July 31, 2009, plus interest at the rate of 28.24% per annum thereafter, plus costs.

**{¶ 7}** It is from this decision Appellant now appeals.

## ASSIGNMENTS OF ERROR

**{¶ 8}** Appellant raises three Assignments of Error:

**{¶ 9}** "I. A TRIAL COURT ABUSES ITS DISCRETION WHERE, AS HERE, IT GRANTS A MOTION FOR SUMMARY JUDGMENT WHEN THE CASE HAS BEEN PENDING FOR A TOTAL OF SEVENTY-ONE (71) DAYS AT THE TIME THE MOTION IN FILED; NO DISCOVERY CUTOFF HAS BEEN SET; NO PRE-TRIAL OR TRIAL

DATES HAVE BEEN SET; A MOTION IS FILED PURSUANT TO CIV.R. 56(F) OF THE OHIO RULES OF CIVIL PROCEDURE AND SUPPORTED BY AN AFFIDAVIT OF COUNSEL STATING THAT THE MOTION FOR SUMMARY JUDGMENT IS PREMATURE AND ADDITIONAL TIME IS REQUIRED TO OBTAIN DISCOVERY; AND NO FURTHER OPPORTUNITY TO RESPOND TO THE MOTION FOR SUMMARY JUDGMENT IS PROVIDED.

{¶ 10} "II. A TRIAL COURT COMMITS ERROR AS A MATTER OF LAW WHERE, AS HERE, IT GRANTS A MOTION FOR SUMMARY JUDGMENT ON AN ASSIGNED CREDIT CARD ACCOUNT, AND THE ACCOUNT SUED UPON DOES NOT BEGIN WITH A ZERO BALANCE.

{¶ 11} "III. A TRIAL COURT COMMITS ERROR AS A MATTER OF LAW WHERE, AS HERE, IT GRANTS A MOTION FOR SUMMARY JUDGMENT ON AN ASSIGNED CREDIT CARD ACCOUNT, AND THE RECORDS RELIED UPON TO PROVE THE CASE ARE FROM THE ORIGINAL CREDITOR; AND THE AFFIDAVIT SUPPORTING THE RECORDS IS FROM AN INTERMEDIATE ASSIGNEE OF THE ACCOUNT; AND THE PERSON SIGNING THE ACCOUNT HAS NO PERSONAL KNOWLEDGE OF THE ACCOUNT IN QUESTION."

**I.**

{¶ 12} Appellant argues in his first Assignment of Error the trial court abused its discretion in denying his Civ.R. 56(F) motion for additional time for discovery. The trial court did not explicitly rule on Appellant's Civ.R. 56(F), but instead granted Appellee's motion for summary judgment. "If a trial court fails to mention or rule on a pending

motion, the appellate court presumes that the motion was implicitly overruled." *Swinehart v. Swinehart,* 5th Dist. No. 06-COA-020, 2007-Ohio-6174, ¶ 26.

{¶ **13**} Civ.R. 56(F) provides:

{¶ **14**} "(F) When affidavits unavailable

{¶ **15**} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

{¶ **16**} Civ.R. 56(F) provides the remedy for a party who seeks a continuance on a motion for summary judgment in order to conduct discovery relevant to the motion. *Jacobs v. Jones*, 10th Dist. No. 10AP-930, 2011-Ohio-3313, ¶58 citing *Hahn v. Groveport*, 10th Dist. No. 07AP–27, 2007–Ohio–5559, ¶ 30, citing *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 168, 392 N.E.2d 1316. Just as this Court reviews the resolution of discovery matters under an abuse of discretion standard, the decision whether to grant a motion for extension of time in order to conduct further discovery lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion. *McCord v. Ron Laymon Trucking Co.*, Knox App. No. 04CA000033, 2005-Ohio-4399, ¶14. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶ 17} Civ.R. 56(F) requires a party opposing summary judgment to submit affidavits with sufficient reasons stating why he cannot present by affidavit facts sufficient to justify its opposition. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion." *McCord*, supra at ¶15 citing *Gates Mills Invest. Co.*, supra.

{¶ 18} A trial court does not abuse its discretion in denying a request for a continuance in order to respond to a motion for summary judgment where the party seeking the continuance "did not sustain [its] burden of demonstrating that a continuance was warranted for further discovery." *Gates Mills Invest. Co.*, supra.

{¶ 19} A review of Appellant's Civ.R. 56(F) motion demonstrates the trial court did not abuse its discretion in implicitly denying Appellant's motion. Appellant's affidavit in support of his Civ.R. 56(F) motion states in relevant part:

{¶ 20} "2. That he desires to take the deposition of counsel for plaintiff; take the deposition of the Citi Bank employee that signed the affidavits relied upon by plaintiff; and submit written interrogatories.

{¶ 21} "3. That he has not had the opportunity to do so due to his efforts in responding to plaintiff's pleadings, and the heavy workload of the office."

{¶ 22} In Appellant's Civ.R. 56(F) motion, Appellant stated that he needed more time for discovery so that he could address his affirmative defenses of laches, unjust enrichment, public policy violations, and a denial that the original terms of the credit card agreement sued upon allowed increases in interest rates. Appellant also noted

that Appellee's Civ.R. 56 evidence included the affidavit of a Citibank employee. Appellant argued that he wished to take the deposition of that employee, who resided in South Dakota.

{¶ 23} Upon review, we note this dispute was originally pending in the trial court for almost a year, and was only voluntarily dismissed on the eve of the September 2, 2010 trial date. Accordingly, it would be proper for this Court to assume that all relevant discovery was necessarily completed in the first action by the parties. The dispute was re-filed within 3 months. The same motion for summary judgment was subsequently re-filed by Appellee with the same supporting affidavits. The record simply does not indicate Appellant could not adequately respond to the summary judgment motion. Further, it would be within the trial court's discretion to allow Appellee any additional time to respond after implicitly overruling the request for continuance.

{¶ 24} Accordingly, we find no abuse of discretion in denying Appellant's Civ.R. 56(F) motion.

{¶ 25} Appellant's first Assignment of Error is overruled.

II.

{¶ 26} Appellant argues in his second Assignment of Error Appellant it was error for the trial court to grant a motion for summary judgment on an assigned credit card account where the account sued upon does not begin with a zero balance. In Appellant's appellate brief, he simply re-states the Assignment of Error. There is no argument, citations to authorities, or reference to the record in support of Appellant's assigned error.

{¶ 27} App.R. 16 states as follows:

{¶ 28} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

{¶ 29} "* * *

{¶ 30} "(A)(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.  The argument may be preceded by a summary."

{¶ 31} Appellant's second Assignment of Error does not comply with App.R. 16(A)(7).  Appellant provides no citations to authority, statutes, or parts of the record upon which he relies to support his argument.  Accordingly, it is within this Court's discretion to decline to address Appellant's argument.  *Abele v. McHugh Dodge Jeep*, 5th Dist. No. CT2010-0008, 2010-Ohio-6417, ¶12 citing *In re Estate of Poling,* 4th Dist. No. 04CA18, 2005-Ohio-5147.

{¶ 32} Appellant's second Assignment of Error is overruled.

### III.

{¶ 33} Appellant argues in his third Assignment of Error the trial court erred when it granted summary judgment in favor of Appellee.

{¶ 34} We will first address the standard of review applicable to Appellant's Assignment of Error.  This matter comes before us upon the trial court's granting of summary judgment in favor of Appellee.  Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56.  This rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

**{¶ 35}** "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

**{¶ 36}** The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 1996-Ohio-107, 662 N.E.2d 264. Once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Id.

**{¶ 37}** As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

**{¶ 38}** To prevail in an action on an account, an eligible plaintiff must establish the existence of an account in the name of the party charged, as well as (1) a beginning

balance of zero, or a sum that can qualify as an account stated, or some other provable sum, (2) listed items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, and (3) a summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due. *Worldwide Asset Purchasing, LLC v. Sandoval*, 5th Dist. No. 2007CA00159, 2008-Ohio-6343, ¶27.

**{¶ 39}** In support of Appellee's motion for summary judgment, Appellee submitted evidence of the assignment of the credit card debt from Citibank South Dakota N.A. to Unifund CCR Partners to Appellee. Appellee attached the affidavit of Jennifer Duncan, employee of Unifund CCR Partners stating that as of November 2, 2005, there was a due and payable balance in the amount of $5,610.25 and interest accruing at the rate of 31.74 percent per annum on the balance. In support of the affidavit, Appellee attached statements of Appellant's account from July 2003 to November 2005. Appellee also provided Appellant's discovery responses where Appellant did not dispute the charges to the account, but the determination and accrual of the interest on the account.

**{¶ 40}** Appellant's response to Appellee's motion for summary judgment was Appellant's Civ.R. 56(F), which this Court has determined did not meet Appellant's burden under Civ.R. 56(F). As stated above, Appellant stated in his motion he needed more time for discovery so that he could address his affirmative defenses of laches, unjust enrichment, public policy violations, and a denial that the original terms of the credit card agreement sued upon allowed increases in interest rates.

**{¶ 41}** We find upon our de novo review of the motions before the Court, Appellee has met its burden under Civ.R. 56 to demonstrate there is no genuine issue of material fact as to Appellee's action on account.  Appellant has not met his reciprocal burden.

**{¶ 42}** Appellant's third Assignment of Error is overruled.

**{¶ 43}** The judgment of the Knox County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and Hoffman, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. WILLIAM B. HOFFMAN

[Cite as *TPI Asset Mgt., L.L.C. v. Baxter*, 2011-Ohio-5584.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TPI ASSET MANAGEMENT, L.L.C., | : | |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| EUGENE S. BAXTER, | : | |
| | : | |
| | : | Case No. 2011CA000007 |
| Defendant-Appellant. | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN