[Cite as *Harris v. Elin*, 2021-Ohio-2174.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NORMAN W. HARRIS | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
|     Plaintiff-Appellee | |
| -vs- | |
| | Case No. 20 CAE 12 0053 |
| JENNIFER I. ELIN | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No. 19 CVH 07 0388


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    June 28, 2021


APPEARANCES:

For Plaintiff-Appellee

ERIC E. WILLISON
6548 Glick Road
Dublin, Ohio  43017

For Defendant-Appellant

MITCHELL M. TALLAN
ROBERT J. KIDD
471 East Broad Street, 19th Floor
Columbus, Ohio  43215-3872

*Wise, John, J.*

{¶1} Appellant Jennifer Elin appeals from the November 16, 2020 Judgment Entry by the Delaware County Court of Common Pleas. Appellee is Norman Harris. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2} On July 11, 2019, Appellee filed a Complaint in Delaware County Court of Common Pleas alleging that Appellant negligently operated her motor vehicle causing damage to Appellee's property in the amount of $11,200, and residual diminution in value of $11,067. Appellant paid the cost of repairs of $11,200.

{¶3} On August 12, 2019, Appellant filed an answer.

{¶4} On December 6, 2019, the trial court filed a Scheduling Entry. In the Scheduling Entry, the trial court set the deadline for witness disclosure January 22, 2019, the deadline for rebuttal witness disclosure February 12, 2020, and the discovery cut-off May 15, 2020. The trial court scheduled the trial for October 8, 2020.

{¶5} On January 22, 2020, Appellee emailed a list of witnesses to Appellant which included Jerry Jenkins. Appellant did not disclose any witnesses to Appellee.

{¶6} On July 31, 2020, Appellee filed a Motion for Summary Judgment. Appellee attached Jenkins's affidavit and report to the Motion.

{¶7} On August 7, 2020, Appellant filed a Motion for Continuance under Civ.R. 56(F) to depose Jenkins.

{¶8} On September 3, 2020, the trial court denied Appellant's Motion for Continuance under Civ.R. 56(F) but provided an extension of time to respond to Appellee's Motion for Summary Judgment.

**{¶9}**  On September 14, 2020, Appellant filed a Memorandum Contra to Appellee's Motion for Summary Judgment. Appellant attached the affidavit of Andy Tilton.

**{¶10}**  On September 21, 2020, Appellee filed a Reply Memorandum and a Motion to Strike the affidavit of Tilton as an untimely disclosed rebuttal witness.

**{¶11}**  On September 25, 2020, Appellant filed a Motion for Leave to Disclose Mr. Tilton as a rebuttal witness.

**{¶12}**  On November 9, 2020, the trial court denied Appellant's Motion for Leave to Disclose a rebuttal witness and granted Appellee's Motion to Strike Tilton's affidavit.

**{¶13}**  On November 16, 2020, the trial court granted Appellee's Motion for Summary Judgment.

## ASSIGNMENT OF ERROR

**{¶14}**  On December 14, 2020, Appellant filed a notice of appeal raising the following three Assignments of Error:

**{¶15}**  "I. THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT ON BEHALF OF THE APPELLEE FOR A CASE INVOLVING AN INHERENTLY SUBJECTIVE CLAIM FOR DAMAGES.

**{¶16}**  "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S RULE 56(F) MOTION TO CONTINUE HER RESPONSE DEADLINE TO APPELLEE'S MOTION FOR SUMMARY JUDGMENT  SO THAT SHE  COULD TAKE THE DEPOSITION OF APPELLEE'S EXPERT WITNESS JERRY JENKINS, THEREBY

PREJUDICING THE APPELLANT AND DENYING AN OPPORTUNITY TO DEMONSTRATE JERRY JENKINS' [SIC] TESTIMONY WAS FLAWED.

**{¶17}** "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE APPELLEE'S MOTION TO STRIKE THE AFFIDAVIT OF ANDY TILTON FILED IN SUPPORT OF APPELLANT'S MEMORANDUM CONTRA THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT, THEREBY PROHIBITING THE APPELLANT FROM PROFFERING EVIDENCE CONTRARY TO THE AFFIDAVIT OF JERRY JENKINS THAT WOULD DEMONSTRATE HIS METHODOLOGY AND CONCLUSIONS WERE FLAWED AND UNSUPPORTED BY THE EVIDENCE AT ISSUE IN THIS MATTER."

**{¶18}** For the purpose of judicial economy, we will address Appellant's assignments of error out of order.

**II.**

**{¶19}** In Appellant's Second Assignment of error, Appellant argues that the trial court erred by denying Appellant's continuance to take the deposition of Appellee's expert witness. We disagree.

**Standard of Review**

**{¶20}** "[T]he decision whether to grant a motion for extension of time in order to conduct further discovery lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion." *TPI Asset Mgt., L.L.C. v. Baxter*, 5th Dist. Knox No. 2011CA000007, 2011-Ohio-5584, ¶16. The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶21}  Civ.R. 56(F) provides:

     **(F) When Affidavits Unavailable.** Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶22}  A party moving for additional time to respond to a motion for summary judgment must present sufficient reasons to demonstrate a continuance is warranted. *Glimcher v. Reinhorn* (1991), 68 Ohio App.3d 131, 138, 587 N.E.2d 462 (10th Dist.1991).

{¶23}  Civ.R. 56 (F) also requires a party opposing summary judgment to submit affidavits with sufficient reasons stating why it cannot present by affidavit facts sufficient to justify its opposition. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion." *Gates Mills Inv. Co. v. Village of Pepper Pike* (1978), 59 Ohio App.2d 155, 169, 392 N.E.2d 1316 (8th Dist.1978).

{¶24}  In *McCord v. Ron Laymon Trucking Co.*, 5th Dist. Knox No. 04CA000033, 2005-Ohio-4399, ¶12, Appellant moved for additional time to conduct depositions from knowledgeable witnesses which had not yet been completed. Appellant did not offer sufficient reasons or citations to facts warranting a continuance. *Id.* at ¶16.

**{¶25}** In the case *sub judice*, Appellee timely disclosed Jenkins to Appellant as an expert witness on January 22, 2020. The trial court had set the deadline for discovery on May 15, 2020. On August 7, 2020, over six months after learning of Appellee's expert witness and nearly three months after the discover deadline, Appellant filed a Motion for Continuance under Civ.R. 56 (F) to depose Jenkins. In Appellant's motion, Appellant states it only needs the deposition of Jenkins to oppose Appellee's Motion for Summary Judgment. Appellant does not provide sufficient reasons or citations to facts as to why the deposition was not taken by the discovery deadline or why Appellant cannot present facts essential to her opposition. Accordingly, the trial court did not abuse its discretion in denying Appellant's Motion for Continuance under Civ.R. 56 (F) to conduct a deposition of Jenkins.

**{¶26}** Appellant's Second Assignment of Error is overruled.

### III.

**{¶27}** In Appellant's Third Assignment of Error, Appellant argues the trial court erred granting Appellee's motion to strike the affidavit of Appellant's expert witness, Andy Tilton. We disagree.

**{¶28}** The decision to grant or deny a motion to strike an affidavit lies within the broad discretion of the trial court. *Bosky Group, LLC v. Columbus & Ohio River RR. Co.*, 5th Dist. Muskingum No. CT2017-0027, 2017-Ohio-8292, ¶42. Again, the abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶29}** Civ.R. 37, in pertinent part, states:

**(B) Failure to Comply with Order; Sanctions.**

(1) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent or witness designated under Civ.R. 30(B)(5) or Civ.R. 31(A) fails to obey an order to provide or permit discovery, including an order made under Civ.R. 35 or Civ.R. 37(A), the court may issue further just orders. They may include the following:

\*\*\*

(c) Striking pleadings in whole or in part;

**{¶30}** Civ.R. 26(E), in pertinent part, states:

**(E) Supplementation of Responses.** A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

(1) A party is under a duty to seasonably supplement his responses with respect to any question directly addressed to (a) the identity and location of person having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify.

**{¶31}** "Civ.R. 37 permits the exclusion of expert testimony pursuant to a motion in limine as a sanction for the violation of Civ.R. 26(E)(1)(b)." *Jones v. Murphy*, 12 Ohio St.3d 84, 86, 465 N.E.2d 444, 446 (1984).

**{¶32}** In the case *sub judice*, Appellee disclosed Jenkins to Appellant as an expert witness on January 22, 2020, the deadline for disclosing witnesses. The trial court had set deadlines for disclosure of rebuttal witnesses and discovery for February 12, 2020 and May 15, 2020, respectively. On September 14, 2020, over seven months after the deadline for disclosing rebuttal witnesses, Appellant attached the affidavit of Tilton to her Memorandum Contra Appellant's Motion for Summary Judgment. Appellee filed a Reply including a Motion to Strike the affidavit of Tilton on September 21, 2020. On November 9, 2020, the trial court granted Appellee's Motion to Strike as untimely disclosed. The trial court's decision to grant Appellee's Motion to Strike was in accordance with the Rules of Civil Procedure and not arbitrary, unconscionable, or unreasonable.

**{¶33}** Based on the foregoing, we find that the trial court did not abuse its discretion in granting Appellee's Motion to Strike.

**{¶34}** Appellant's Third Assignment of Error is overruled.

**I.**

**{¶35}** In Appellant's First Assignment of Error, Appellant argues the trial court erred by granting Appellee's Motion for Summary Judgment. We disagree.

**{¶36}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and

(3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

{¶37} The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶38} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met this initial burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R.56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶39} In the case *sub judice*, Appellant admitted that on February 21, 2019, she negligently operated her vehicle and caused property damage to the Appellee. Appellant claims the only issue before the court is the amount of damages, if any, which should be awarded above and beyond the reasonable cost of repairs to account for the diminution in value of the vehicle. Appellee timely disclosed the name and subject matter of their expert witness which would testify that the diminution in value would amount to $11,067. Appellant chose not to timely depose Appellee's expert witness and chose not to timely

disclose a rebuttal witness of their own. Instead, Appellant chose to rely on mere allegations that Appellee's witness was not credible. Thus, the only evidence the trial court could properly consider was the report of Appellant's expert witness. Appellant's mere allegations fail to meet Appellant's burden and did not raise any genuine issue of material fact to preclude summary judgment.

**{¶40}** Appellant's First Assignment of Error is overruled.

**{¶41}** For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/br 0622