[Cite as *Citibank v. Valentine*, 2012-Ohio-2786.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CITIBANK, N.A. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11 CAE 10 0087 |
| LEWIS J. VALENTINE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of Common Pleas, Case No. 11 CVH 01-0136


JUDGMENT:                AFFIRMED


DATE OF JUDGMENT ENTRY:     June 20, 2012


APPEARANCES:

For Appellant:

LEWIS VALENTINE, PRO SE
4642 Aberdeen Ave.
Dublin, OH 43016

For Appellee:

HARRY J. FINKLE IV
1900 Fifth Third Center
511 Walnut St.
Cincinnati, OH 45202-3157

*Delaney, P.J.*

{¶1} Defendant-Appellant Lewis J. Valentine appeals the September 21, 2011 judgment entry of the Delaware County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee Citibank, N.A.

## FACTS AND PROCEDURAL HISTORY

{¶2} On January 27, 2011, Citibank filed a Complaint for Money against Valentine in the Delaware County Court of Common Pleas. The Complaint alleged Valentine executed and delivered to Citibank a Home Equity Line of Credit Agreement and Disclosure on March 10, 2006. In the Complaint, Citibank refers to the Home Equity Line of Credit Agreement and Disclosure as a Promissory Note. The Home Equity Line of Credit Agreement and Disclosure was attached to the Complaint.

{¶3} Based on the terms of the Home Equity Line of Credit Agreement and Disclosure, Valentine was eligible to finance up to $285,000. Valentine drew on the account and made some payments on the account. Valentine became delinquent on the account and owes $276,748.14, plus interest and costs.

{¶4} The case proceeded through limited discovery. On June 13, 2011, Citibank filed a motion for summary judgment on its Complaint. The motion for summary judgment was supported by the affidavit of Courtney Beaver, Assistant Vice President of Citibank. Valentine filed a reply, attaching his personal affidavit in support.

{¶5} On September 21, 2011, the trial court granted the motion for summary judgment in favor of Citibank. The trial court found there was no genuine issue of material fact that Valentine entered into the Home Equity Line of Credit Agreement

and Disclosure with Citibank and was now delinquent under the terms of the agreement.

{¶6}   It is from this judgment Valentine now appeals.

**ASSIGNMENTS OF ERROR**

{¶7}   Valentine's pro se appeal raises five Assignments of Error:

{¶8}   "I. THE TRIAL COURT ERRED IN BY SUBSTITUTING A TRUTH IN LENDING DOCUMENT TITLED HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE FOR THE ACTUAL PROMISSORY NOTE, HENCE SUMMARY JUDGMENT BECOMES INAPPROPRIATE AND MUST BE DENIED.

{¶9} "II. THE TRIAL COURT ERRED BY FINDING THE PLAINTIFF/APPELLEE IS NOT SEEKING JUDGMENT ON A NOTE.

{¶10} "III. THE TRIAL COURT ERRED IN BY SUBSTITUTING THE TRIAL COURT'S OPINION IN PLACE OF A KNOWN DEFECTIVE AFFIDAVIT IN BY RENDERING JUDGMENT APPLYING THE COURT'S SUBSTITUTION AS BASIS.

{¶11} "IV. THE TRIAL COURT ERRED WHEN APPLYING THE LAW TO THE UNDISPUTED MATERIAL FACTS THUS RENDERING PLAINTIFF/APPELLEE'S SUMMARY JUDGMENT INAPPROPRIATE AND MUST BE DENIED.

{¶12} "V. THE TRIAL COURT ERRED IN BY PREMATURELY HALTING THE DISCOVERY PROCESS THUS DENYING DEFENDANT/APPELLANT HIS EVIDENCE AND ANY PROTECTION UNDER THE LAW."

**ANALYSIS**

I., II., III., IV.

*STANDARD OF REVIEW*

{¶13} We review Valentine's first, second, third, and fourth Assignments of Error together because they relate to Citibank's motion for summary judgment and the trial court's granting of the same.

{¶14} We review a summary judgment de novo and without deference to the trial court's determination. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard of review as the trial court and conducts an independent review, without deference to the trial court's determination. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Westbrook v. Swiatek*, 5th Dist. No. 09CAE09-0083, 2011-Ohio-781, ¶ 43.

{¶15} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

{¶16} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity

and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

*HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE*

{¶17} Valentine argues in his first and second Assignments of Error the trial court erred when it granted summary judgment in favor of Citibank because in support of Citibank's motion for summary judgment, Citibank presented a Home Equity Line of Credit Agreement and Disclosure, not a Promissory Note. Valentine asserts he entered into a Promissory Note with Citibank, not a Home Equity Line of Credit Agreement and Disclosure. Because Citibank has failed to produce the valid documents in support of its motion for summary judgment, Valentine argues there is a genuine issue of material fact as to whether there is a breach of the Promissory Note.

{¶18} We disagree. As the trial court noted in its September 21, 2011 judgment entry granting summary judgment in favor of Citibank, Citibank produced a contract for a Home Equity Line of Credit signed by Valentine on March 10, 2006. The Home Equity Line of Credit Agreement and Disclosure, which Citibank refers to as a "Note," contains the terms of the agreement. The terms of the agreement include the amount of the credit limit, the interest rate on the agreement, payment obligations, and default provisions. This evidence is verified with a Civ.R. 56 affidavit from Courtney Beaver, Assistant Vice President with Citibank.

{¶19} Valentine argues in his third Assignment of Error that the affidavit provided by Citibank is defective. He refers to "Exhibit A" referenced in the Beaver affidavit in support of the motion for summary judgment. The Beaver affidavit states

"Exhibit A" is a hard copy print out of the financial information, including the balance owing. Valentine argues that there is no "Exhibit A" attached to the affidavit. Upon review of Citibank's motion for summary judgment, it shows Citibank attached Exhibits A, B, and C to their motion for summary judgment. Exhibits A, B, and C are the Home Equity Line of Credit Agreement and Disclosure, balance statements of the loan, and Beaver affidavit, respectively. Attached to the Beaver affidavit is the first page of the Home Equity Line of Credit Agreement and Disclosure with Valentine's signature, Valentine's promise to pay the loan, and a balance statement showing the amount due and owing on the loan at the time of default. While not specifically marked "Exhibit A," we find the existence of an agreement, the terms of the agreement and balance due are established by the Beaver affidavit. *See Discover Bank v. Heinz*, 10th Dist. No. 08Ap-1001, 2009-Ohio-2850. These evidentiary materials are sufficient to carry Citibank's burden of showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law on its claims. *See Citibank (S.Dakota), N.A. v. Lesnick*, 11th Dist. No.2005-L-013, 2006-Ohio-1448.

{¶20} The burden thereupon shifted to Valentine to affirmatively demonstrate the existence of genuine issues of material fact. *Dresher, supra.* Valentine does not dispute he borrowed money from Citibank and he made payments on the loan. His affidavit, filed with his response to Citibank's motion for summary judgment, attests that at the closing he signed a Promissory Note and a mortgage deed to the property. He argues the Home Equity Line of Credit Agreement and Disclosure attached to Citibank's Complaint and to the motion for summary judgment is not the Promissory Note signed by Valentine but rather a Truth in Lending Statement.

{¶21} Valentine does not present any contrary documents in support of his argument. He states that he signed a Promissory Note and mortgage, but he never received a copy of those documents. He stated in his response to the motion to summary judgment that without the correct documents, "perhaps" the interest rate was wrong and "perhaps" the calculation of payments and credits were incorrect. Pursuant to Civ.R. 56, the non-moving party cannot rest upon conclusory statements to create a genuine issue of material fact. The non-moving party must point to specific facts to demonstrate a genuine issue of material fact for trial. *Misteff, supra*.

{¶22} Upon our de novo review, we find that Citibank met its burden under Civ.R. 56 to establish an absence of a genuine issue of triable fact that Valentine entered into the Home Equity Line of Credit Agreement and Disclosure, failed to make payments under the agreement, and breached the agreement.

{¶23} Valentine's first, second, third, and fourth Assignments of Error are overruled.

V.

{¶24} Valentine argues in his fifth Assignment of Error the trial court erred in ruling on Citibank's motion for summary judgment while discovery was pending in the case. We disagree.

{¶25} Civ.R. 56(F) provides the remedy for a party who seeks a continuance on a motion for summary judgment in order to conduct discovery relevant to the motion. *TPI Asset Mgt., LLC v. Baxter*, 5th Dist No. 2011CA000007, 2011-Ohio-5584 ¶ 16 citing *Jacobs v. Jones*, 10th Dist. No. 10AP–930, 2011–Ohio–3313, ¶ 58. Civ.R. 56(F) provides, "[s]hould it appear from the affidavits of a party opposing the motion

for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

{¶26} The record shows Valentine made no such motion to the trial court to continue the summary judgment for Valentine to receive his discovery requests. While Valentine proceeded pro se, pro se litigants are not exempt from complying with the rules and regulations. "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Meyers v. First Ntl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210 (1st Dist.1981).

{¶27} The absence of a Civ.R. 56(F) motion gave the trial court no alternative but to rule on the pending motion for summary judgment.

{¶28} Valentine's fifth Assignment of Error is overruled.

**CONCLUSION**

{¶29} Our de novo review of Citibank's motion for summary judgment shows that reasonable minds could only conclude that Citibank is entitled to judgment as a matter of law.

{¶30} Valentine's five Assignments of Error are overruled.

{¶31} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS


PAD:kgb

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


                                                    :
CITIBANK, N.A.                                      :

|  |  |  |
|---|---|---|
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
|  | : |  |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 11 CAE 10 0087 |
| LEWIS J. VALENTINE | : |  |
|  | : |  |
| Defendant - Appellant | : |  |
|  | : |  |

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS