[Cite as *Citibank, NA v. Valentine*, 2014-Ohio-12.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CITIBANK, NA | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13CAE040030 |
| LEWIS J. VALENTINE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Common
                             Pleas Court, Case No. 11 CVH 01 0136

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 3, 2014

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

HARRY J. FINKLE IV                     LEWIS VALENTINE, PRO SE
Graydon Head & Ritchey LLP             4642 Aberdeen Avenue
1900 Fifth Third Center                Dublin, Ohio 43016
511 Walnut St.
Cincinnati, Ohio 45202-3157

*Hoffman, J.*

{¶1} Defendant-appellant Lewis J. Valentine appeals the March 28, 2013 Judgment Entry Denying Defendant's Motion for Relief from Judgment pursuant to Civil Rule 60(B) entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is Citibank, N.A.

FACTS AND PROCEDURAL HISTORY

{¶2} On January 27, 2011, Citibank filed a Complaint for Money against Valentine in the Delaware County Court of Common Pleas. The Complaint alleged Valentine executed and delivered to Citibank a Home Equity Line of Credit Agreement and Disclosure on March 10, 2006. In the Complaint, Citibank refers to the Home Equity Line of Credit Agreement and Disclosure as a Promissory Note. The Home Equity Line of Credit Agreement and Disclosure was attached to the Complaint.

{¶3} Based on the terms of the Home Equity Line of Credit Agreement and Disclosure, Valentine was eligible to finance up to $285,000. Valentine drew on the account and made some payments on the account. Valentine became delinquent on the account and owed $276,748.14, plus interest and costs.

{¶4} The case proceeded through limited discovery. On June 13, 2011, Citibank filed a motion for summary judgment on its Complaint. The motion for summary judgment was supported by the affidavit of Courtney Beaver, Assistant Vice President of Citibank. Valentine filed a reply, attaching his personal affidavit in support.

{¶5} On September 21, 2011, the trial court granted the motion for summary judgment in favor of Citibank. The trial court found there was no genuine issue of

material fact that Valentine entered into the Home Equity Line of Credit Agreement and Disclosure with Citibank and was now delinquent under the terms of the agreement.

{¶6} Valentine appealed that judgment to this Court raising five separate assignments of error:

{¶7} "I. THE TRIAL COURT ERRED IN BY SUBSTITUTING A TRUTH IN LENDING DOCUMENT TITLED HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE FOR THE ACTUAL PROMISSORY NOTE, HENCE SUMMARY JUDGMENT BECOMES INAPPROPRIATE AND MUST BE DENIED.

{¶8} "II. THE TRIAL COURT ERRED BY FINDING THE PLAINTIFF/APPELLEE IS NOT SEEKING JUDGMENT ON A NOTE.

{¶9} "III. THE TRIAL COURT ERRED IN BY SUBSTITUTING THE TRIAL COURT'S OPINION IN PLACE OF A KNOWN DEFECTIVE AFFIDAVIT IN BY RENDERING JUDGMENT APPLYING THE COURT'S SUBSTITUTION AS BASIS.

{¶10} "IV. THE TRIAL COURT ERRED WHEN APPLYING THE LAW TO THE UNDISPUTED MATERIAL FACTS THUS RENDERING PLAINTIFF/APPELLEE'S SUMMARY JUDGMENT INAPPROPRIATE AND MUST BE DENIED.

{¶11} "V. THE TRIAL COURT ERRED IN BY PREMATURELY HALTING THE DISCOVERY PROCESS THUS DENYING DEFENDANT/APPELLANT HIS EVIDENCE AND ANY PROTECTION UNDER THE LAW."

{¶13} Via Opinion and Judgment Entry filed June 20, 2012, this Court overruled all of Valentine's assignments of error and affirmed the trial court's decision. *Citibank v. Valentine*, 5th Dist. App. No. 11-CAE-10 0087, 2012-OHIO-2786. The Ohio Supreme Court declined jurisdiction of further review.

{¶14} While the appeal was pending, Valentine filed a Motion for Relief from Judgment Pursuant to Civil Rule 60(B) on October 3, 2011, in the trial court. The trial court reactivated the case on February 5, 2013, and issued its judgment entry denying the motion on March 28, 2013. It is from that entry Valentine prosecutes this appeal, assigning as error:

{¶15} "I. THE TRIAL COURT ERRED BY NOT REQUIRING THE PLAINTIFF/APPELLEE TO LITIGATE WHAT THEY PLEAD, A PROMISSORY NOTE, HENCE SUMMARY JUDGMENT BECOMES INAPPROPRIATE AND MUST BE DENIED.

{¶16} "II. THE TRIAL COURT ERRED BY USING A KNOWN INCOMPLETE FRAUDULENT AFFIDAVIT IN RENDERING PLAINTIFF/APPELLEE SUMMARY JUDGMENT HENCE SUMMARY JUDGMENT BECOMES INAPPROPRIATE AND MUST BE DENIED."

I & II

{¶17} Because our resolution of both of Valentine's assigned errors are governed by the same legal principal, we shall address them together.

{¶18} Valentine states, "[T]his Appeal is largely based on the premise that two Superior Courts cannot have complete opposite opinions concerning the application of law on the exact same issue." (Appellant's Brief at p.4). Valentine elaborates that our

prior opinion is in complete conflict with the Federal Court of the United States of America[1] and also with the Appellate Court of Arizona.[2,3]

{¶19} The fact this Courts' prior decision may be in conflict with a federal bankruptcy court decision or the decision of an Arizona appellate court is of no import. This disposition of this case is dictated by the legal doctrine of res judicata.

{¶20} We find the trial court thoroughly identified Valentine's asserted grounds for relief from judgment and accurately found they had been raised in his prior appeal to this Court.  This Court found them without merit.  We agree with the trial court Appellant's present appeal is an attempt to reargue those same claims, apparently believing citation to additional case law justifies additional review.  In that belief, he is wrong.  As found by the trial court, res judicata applies to bar both of Valentine's assigned errors.  The judgment of the trial court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur

---

[1] United States Bankruptcy Court for the Northern District of Alabama, Western Division.

[2] Court of Appeals of Arizona, Division One, Dept. D.

[3] We note the federal bankruptcy court case was decided May 6, 2010, and the Arizona appellate court decision was filed August 21, 2012.  Valentine's reply brief in the prior appeal was filed February 6, 2012.