[Cite as *Boushack v. Grizes Invest., L.P.*, 2016-Ohio-355.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANDY BOUSHACK | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|      Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2015 CA 00186 |
| GRISEZ INVESTMENT, L.P., et al. | |
|      Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 02986

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 1, 2016

APPEARANCES:

For Plaintiff-Appellant

BRETT M. MANCINO
MANCINO CO., LPA
75 Public Square, Suite 1016
Cleveland, Ohio 44113

For Defendants-Appellees

MARK S. HURA
STAFF COUNSEL FOR CIN. INS. CO.
50 South Main Street, Suite 615
Akron, Ohio 44308

*Wise, J.*

**{¶1}** Plaintiff-Appellant Andy Boushack appeals the decision of the Court of Common Pleas, Stark County, which granted summary judgment in favor of Defendants-Appellees Grisez Investment, L.P. and Westgate Management in a slip and fall action brought by appellant. The relevant facts leading to this appeal are as follows.

**{¶2}** On February 18, 2014, appellant was living in an apartment unit in the Lincoln Place Apartments on Beechwood Avenue in North Canton, Ohio. This apartment complex is owned by Appellee Grisez Investment, L.P. and managed by Appellee Westgate Management. At about 8:00 PM on the date in question, appellant left his building through the rear common entrance and exit door, on his way to his car. This building door exited onto a concrete landing at the top of several outdoor concrete steps. The landing itself was covered by a portico-style overhanging roof structure. It was dark outside, and several inches of snow had recently fallen. Appellant thereupon allegedly slipped on the landing on "black ice" and struck his upper back on the steps, causing injury to his T3 vertebra.

**{¶3}** On December 30, 2014, appellant filed a civil complaint in the Stark County Court of Common Pleas against appellees. Appellees filed an answer on January 29, 2015.

**{¶4}** On August 3, 2015, appellees filed a motion for summary judgment. Appellant filed a memorandum in opposition on August 24, 2015. Appellees filed a reply on September 8, 2015.

**{¶5}** On September 15, 2015, the trial court issued a judgment entry granting summary judgment in favor of appellees.

{¶6} On October 13, 2015, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶7} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE LANDLORD WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHETHER THE LANDLORD HAD CONSTRUCTIVE NOTICE OF THE UNSAFE CONDITION IN ITS COMMON AREA, AS PROVED BY THE LACK OF LIGHTING AND THE LACK OF A GUTTER SYSTEM OVER THE COMMON AREA CONCRETE STEPS, ALLOWING BLACK ICE TO ACCUMULATE, AND FAILING TO REMOVE THE BLACK ICE THAT CAUSED THE APPELLANT TO SLIP AND FALL ON, FRACTURING HIS VERTEBRAE (SIC)."

I.

{¶8} In his sole Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of appellees, the owner and landlord of the premises in question. We disagree.

{¶9} Civ.R. 56(C) provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion

for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor * * *."

{¶10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. To establish a claim of negligence in Ohio, a plaintiff must show the existence of a duty, a breach of that duty, and injury directly and proximately resulting from a breach of this duty. *Godwin v. Erb,* 167 Ohio App.3d 645, 856 N.E.2d 321, 2006-Ohio-3638, ¶ 17, citing *Menifee v. Ohio Welding Prods., Inc.* (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (additional citations omitted). To defeat a motion for summary judgment filed by a defendant in a negligence action, the plaintiff must identify a duty, or duties, owed him by the defendant, and the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, syllabus.

{¶11} Appellant herein, who was undisputedly a tenant in appellees' apartment building at the time of his fall, first directs us to R.C. 5321.04. The purpose of this statute is to protect persons using rented residential premises from injuries. *See Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 25, 427 N.E.2d 774. Furthermore, a landlord's violation of the duties imposed by this statute constitutes negligence *per se*. *Maynard v. Winters*, 5th Dist. Tuscarawas No. 2012 AP 05 0035, 2012-Ohio-6286, ¶ 22, citing *Robinson v. Bates*, 112 Ohio St.3d 17, 2006–Ohio–6362, 857 N.E.2d 1195, ¶ 23 (additional citations omitted).

**{¶12}** R.C. 5321.04(A) states in pertinent part as follows:

**{¶13}** "A landlord who is a party to a rental agreement shall do all of the following:

**{¶14}** "(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

**{¶15}** "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

**{¶16}** "(3) Keep all common areas of the premises in a safe and sanitary condition;

**{¶17}** "***".

**{¶18}** In the case *sub judice*, as indicated in our recitation of the facts, the apartment building at issue is a three-story brick structure with an entrance door at the center of the rear side. The file photographic exhibits indicate the building has a main roof above the third floor, the front gutter edge of which appears to be flush with the front edge of what we will herein designate as the "portico roof." This portico roof, appearing to be about six-foot wide and four-foot deep, lacks its own gutters but is essentially recessed underneath the main roof's eaves located approximately two stories above. The exhibits suggest nonetheless that the portico roof is subject at times to various coatings of snow. Appellant chiefly charges that appellees failed under R.C. 5321.04(A)(1) – (A)(3) to provide adequate lighting and install gutters on the portico common area, resulting in negligence *per se*. He specifically adds the allegation that the lack of a gutter system was a violation of North Canton City Ordinance 1701.06(u).

**{¶19}** However, we emphasize that negligence *per se* does not mean the same thing as *liability per se*; a plaintiff still must prove the other elements of a negligence claim, *i.e.*, proximate causation and damages. *See Wallace v. Golden Comb, Inc.*, 8th Dist. No.

99910, 2013-Ohio-5320, 4 N.E.3d 445, 450, ¶ 30, citing *Sikora v. Wenzel*, 88 Ohio St.3d 493, 496, 727 N.E.2d 1277, 2000–Ohio–406, ¶ 28. In considering these additional negligence claim elements in regard to the specifics of the present case, we first note the axiom that snow and ice are part of wintertime life in Ohio. *See Mt. Vernon v. Young*, 5th Dist. Knox No. 09 CA 30, 2010-Ohio-2501, ¶ 17, citing *Lopatcovich v. Tiffen* (1986), 28 Ohio St.3d 204, 503 N.E.2d 154. Nonetheless, a landlord has a duty "to refrain from creating or allowing the creation of an unnatural accumulation of ice or snow, if that accumulation results in a condition that is substantially more dangerous than would have resulted naturally." *Saunders v. Greenwood Colony*, Union App. No. 14–2000–40, 2001–Ohio–2099, citing *Myers v. Forest City Ent., Inc.* (1993), 92 Ohio App.3d 351, 353–354, 635 N.E.2d 1268; *See, also, Mitchell v. Parkridge Apts., Ltd.,* Cuyahoga App. No. 81046, 2002–Ohio–5357, ¶ 13. An "unnatural" accumulation of ice and snow refers to accumulation made by man, rather than by nature. *Porter v. Miller* (1983), 13 Ohio App.3d 93, 95, 468 N.E.2d 134.

{¶20} We note appellant testified in part as follows:

{¶21} "Q.    That evening could you see where you were going?

{¶22} "A.    I could see where I was going.

{¶23} "Q.    And when you slipped was it because of packed down snow?  Was it because of ice?  Do you know?

{¶24} "A.    It was because of basically what we call black ice.  I couldn't see any glare.  With the lighting conditions I couldn't see exactly if there was anything that was accumulated on the steps.

{¶25} "Q.    So, you did not step out onto a snow-covered piece of cement?

**{¶26}** "A.     Correct.

**{¶27}** "Q.     Okay.  Was that the part that is covered by the canopy that we talked about earlier?

**{¶28}** "A.     The very top part, yes."

**{¶29}** Boushack Deposition at 39.

**{¶30}** Thus, appellant maintained that he could see where he was going on the evening of February 18, 2014, but that he slipped on the concrete steps due to "black ice" (notably, not snow) that he could not see in the lighting conditions at the time.[1] For purposes of summary judgment, we find the fatal flaw in appellant's case is the lack of evidence to show that the purported "black ice" in this instance was an "unnatural accumulation" causing his fall. In other words, even assuming arguendo the portico roof lacked a gutter system in violation of the city ordinance and that appellees knew or should have known of such claimed defect and taken additional steps to enhance the lighting and/or clear the steps of ice, appellant provides us with no nexus between the missing gutter and the formation of the black ice on the evening in question. It is common knowledge that, in winter, ice and snow accumulate on walks and driveways. *Blair v. M & L Supply Co.*, 9th Dist. Summit No. 7473, 1974 WL 183967, (Oct. 9, 1974). By extension, it is also common knowledge that ice can form on sidewalks for many reasons beyond melting snow from a nearby roof. Accordingly, upon review of the record, and in light of the aforesaid evidence, we conclude appellant has failed to demonstrate a genuine issue of material fact as to the existence of an unnatural accumulation of ice on the apartment

---

[1]   Appellant had earlier testified there was illumination provided, but more for the parking lot on the rear side of the building. *See* Deposition at 38-39.

steps at the time in question, even if exacerbated by the level of lighting. In the alternative, to the extent that appellant would rely on a "natural" accumulation theory, the record demonstrates neither the specifics of a contractual agreement for landlord removal of ice and snow, nor superior knowledge by appellees of the presence of black ice at the time in question. *See McLean v. McHugh*, *Inc.*, 5th Dist. Muskingum No. CT2011-007, 2011-Ohio-2478, ¶ 19.

{¶31} We therefore hold summary judgment in favor of appellees was properly granted by the trial court. Appellant's sole Assignment of Error is overruled.

{¶32} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 0118