[Cite as *Bragg v. GFS Marketplace, L.L.C.*, 2018-Ohio-3781.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GERALD BRAGG, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2018CA00006 |
| | : | |
| GFS MARKETPLACE, LLC | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2017CV01679 |
| JUDGMENT: | AFFIRMED |
| DATE OF JUDGMENT ENTRY: | September 19, 2018 |

APPEARANCES:

For Plaintiffs-Appellants:

STACIE L. ROTH
The Carnegie Building
236 Third Street
Canton, OH 44702

For Defendant-Appellee:

JANE M. LYNCH
JARED A. WAGNER
800 Performance Place
109 North Main Street
Dayton, OH 45402

*Delaney, J.*

{¶1} Plaintiffs-Appellants Gerald Bragg and Nancy Bragg appeal the December 28, 2017 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} In November 2013, Plaintiff-Appellant Gerald Bragg was working as a part-time seasonal employee of Honeybaked Ham. As part of his job duties, Bragg would visit the Canton GFS store once or twice a week to pick up supplies.

{¶3} On November 27, 2013, Bragg slipped and fell as he entered the Canton GFS store to pick up supplies for Honeybaked Ham. Bragg's fall occurred in the entranceway to the store where the grocery carts are kept. He fell after only taking a few steps inside the store. As a result of Bragg's fall, he suffered injuries to his shoulder.

{¶4} The Braggs originally filed their complaint seeking damages based on premises liability and loss of consortium against Defendant-Appellee GFS Marketplace, LLC, on November 24, 2015. Pursuant to the trial court's scheduling order, the discovery cutoff was July 15, 2016. The matter went to mediation on or around June 9, 2016, but it did not settle. GFS filed a motion for summary judgment on August 5, 2016. In support of its motion, GFS utilized the deposition of Gerald Bragg and a copy of the store security video, which recorded Bragg's fall. The Braggs dismissed their complaint without prejudice on August 19, 2016.

{¶5} The Braggs re-filed their complaint on August 16, 2017, alleging the same causes of action against GFS. Pursuant to the trial court's scheduling order, the discovery cutoff was set for May 18, 2018 and dispositive motions were due June 15, 2018.

{¶6} GFS filed a motion for summary judgment on October 31, 2017. It argued it was entitled to judgment as a matter of law on the Braggs' premises liability claim. In support of its motion, GFS utilized Gerald Bragg's deposition and a copy of the store security video, which recorded Bragg's fall.

{¶7} On October 31, 2017, the Braggs filed a motion for extension of time pursuant to Civ.R. 56(F). In their motion, they requested an enlargement of time from November 13, 2017 to June 1, 2018 in which to file their response to the motion for summary judgment. The Braggs argued they needed more time to conduct discovery. In support of their motion, they attached their counsel's affidavit that stated, "[i]n order to fully respond to the allegations set forth in the Motion for Summary Judgment filed by Defendant, it is necessary to obtain additional discovery in this matter, including, but not limited to, receiving answers to Plaintiffs' written discovery that will be provided to Defendant and conducting depositions."

{¶8} GFS filed a response to the Braggs' motion for extension. It argued an extension of six months to conduct discovery was unnecessary because the present matter was a re-filing; discovery was completed in the Braggs' original action. GFS contended the Braggs failed to establish sufficient reasons why a Civ.R. 56(F) extension was necessary to respond to its motion for summary judgment. In the alternative to a six-month extension, GFS stated it would not object if the trial court granted a one to two month extension to conduct discovery.

{¶9} On November 21, 2017, the trial court denied the Braggs' motion for extension. It found the Braggs failed to establish sufficient grounds as to why they could not present adequate facts to oppose the motion for summary judgment. The trial court

found the Braggs failed address in their motion that the present case was a re-filed action. The trial court did establish a new briefing schedule. The Braggs' response was due on December 4, 2017; GFS's reply was due on December 11, 2017; and the non-oral hearing was scheduled for December 12, 2017.

{¶10} The Braggs filed a motion to incorporate discovery from the original action into the re-filed action. The trial court granted the motion on December 5, 2017. The Braggs also filed their response to the motion for summary judgment on December 4, 2017.

{¶11} On December 28, 2017, the trial court granted GFS's motion for summary judgment. It found as a matter of law that GFS was entitled to summary judgment on the Braggs' claim for premises liability. The trial court determined the deposition testimony filed pursuant to Civ.R. 56(C) showed Gerald Bragg could not identify what caused him to slip and he admitted he may have slipped on water and/or snow tracked into the store.

{¶12} It is from this judgment the Braggs now appeal.

## ASSIGNMENTS OF ERROR

{¶13} The Braggs raise two Assignments of Error:

{¶14} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF-APPELLANTS' MOTION FOR EXTENSION OF TIME IN WHICH TO FILE THEIR MEMORANDUM IN OPPOSITION TO DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT TAKEN PURSUANT TO CIVIL RULE 56(F).

{¶15} "II. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

## ANALYSIS

### I. Civ.R. 56(F) Motion for Continuance

{¶16} The Braggs argue in their first Assignment of Error that the trial court abused its discretion when it denied their Civ.R. 56(F) motion for additional time for discovery. We disagree.

{¶17} Civ.R. 56(F) provides:

(F) When affidavits unavailable

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶18} Civ.R. 56(F) provides the remedy for a party who seeks a continuance on a motion for summary judgment in order to conduct discovery relevant to the motion. *TPI Asset Mgt., L.L.C. v. Baxter*, 5th Dist. Knox No. 2011CA000007, 2011-Ohio-5584, ¶ 16 citing *Jacobs v. Jones,* 10th Dist. Franklin No. 10AP–930, 2011–Ohio–3313, ¶ 58 citing *Hahn v. Groveport,* 10th Dist. Franklin No. 07AP–27, 2007–Ohio–5559, ¶ 30, citing *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 168, 392 N.E.2d 1316 (8th Dist.1978). Just as this Court reviews the resolution of discovery matters under an abuse of discretion standard, the decision whether to grant a motion for extension of time in order to conduct further discovery lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion. *McCord v. Ron Laymon Trucking*

*Co.,* 5th Dist. Knox No. 04CA000033, 2005–Ohio–4399, ¶ 14. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶19} Civ.R. 56(F) requires a party opposing summary judgment to submit affidavits with sufficient reasons stating why he cannot present by affidavit facts sufficient to justify its opposition. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion." *McCord, supra* at ¶ 15 citing *Gates Mills Invest. Co., supra*.

{¶20} A trial court does not abuse its discretion in denying a request for a continuance in order to respond to a motion for summary judgment where the party seeking the continuance "did not sustain [its] burden of demonstrating that a continuance was warranted for further discovery." *Gates Mills Invest. Co., supra*.

{¶21} Here, a review of the record shows that the Braggs filed their original complaint on November 24, 2015, alleging premises liability and loss of consortium based on Gerald Braggs' fall at GFS on November 27, 2013. The trial court issued a scheduling order setting the discovery cutoff for July 15, 2016 and established a briefing schedule for summary judgment motions. (Judgment Entry of Assigned Dates, Case No. 2015CV02470, Dec. 15, 2015). The pretrial order set the final pretrial conference for August 23, 2016 and a trial date for September 12, 2016. The matter proceeded to mediation but did not settle. The Braggs served interrogatories and document requests

to GFS, to which GFS responded. GFS's response included its incident report for the November 27, 2013 accident. After the close of discovery, GFS filed a motion for summary judgment supported by the deposition of Gerald Bragg. The Braggs' response to the motion for summary judgment was due on August 19, 2016. On August 19, 2016, the Braggs dismissed their complaint without prejudice.

{¶22} The Braggs refiled their complaint on August 16, 2017, alleging the same causes of action against GFS. The trial court issued a scheduling order setting the discovery cutoff for May 18, 2018 and dispositive motions due on June 15, 2018.

{¶23} GFS filed its motion for summary judgment on October 31, 2017. The arguments asserted by GFS in its motion for summary judgment were the same argued in the prior case. The Braggs requested a continuance pursuant to Civ.R. 56(F) to conduct additional discovery, claiming more time was needed to receive answers to the Braggs' written discovery and conduct depositions. GFS filed a memorandum in opposition, arguing the Braggs conducted discovery in the previous action, including submitting written discovery requests to GFS, to which GFS responded. GFS conducted the deposition of Gerald Bragg and it was used to support its motion for summary judgment.

{¶24} The trial court denied the Braggs' motion for continuance pursuant to Civ.R. 56(F). The trial court noted the Braggs argued they required additional discovery "without any mention of the previously filed action that was pending for nine months, wherein discovery was conducted, a mediation was conducted, and a motion for summary judgment, containing the exact same arguments as asserted in the instant case, was pending with the Plaintiffs dismissed the action instead of responding to the motion for summary judgment." (Judgment Entry, Nov. 21, 2017). Based on this record, we cannot

conclude the trial court abused its discretion in denying the Braggs' motion for continuance to conduct additional discovery in order to respond to GFS's motion for summary judgment.

{¶25} In *TPI Asset Mgt., L.L.C. v. Baxter*, 5th Dist. Knox No. 2011CA000007, 2011-Ohio-5584, we analyzed a similar factual situation where a defendant requested additional time to conduct discovery in a re-filed action. In the original action, the matter proceeded through discovery and the plaintiff filed a motion for summary judgment. *Id.* at ¶ 3. The plaintiff dismissed its complaint without prejudice on the eve of trial. *Id.* The plaintiff re-filed the complaint, alleging the same causes of action. *Id.* at ¶ 4. Discovery was exchanged between the parties. *Id.* The plaintiff re-filed its motion for summary judgment and the defendant requested a continuance pursuant to Civ.R. 56(F) to conduct additional discovery. *Id.* at ¶ 5. He attached an affidavit stating he desired to take the deposition of counsel for plaintiff and an employee of the plaintiff, and submit written interrogatories, but did not have time to do so because of counsel's workload. *Id.* The plaintiff responded to the motion, arguing the defendant had ample time to conduct discovery because the case was a re-filing. *Id.* The trial court did not rule on the Civ.R. 56(F) motion, but granted the plaintiff's motion for summary judgment. *Id.* at ¶ 6.

{¶26} On appeal, we affirmed the trial court's implicit denial of the defendant's Civ.R. 56(F) motion. We found the trial court did not abuse its discretion to deny the motion because the defendant failed to meet his burden to establish he needed to conduct additional discovery. *Id.* at ¶ 23. The record in that case showed the matter was pending in the trial court for almost a year and was dismissed right before trial. *Id.* The case was re-filed within three months and the summary judgment was identical to the original

motion for summary judgment, supported by the same Civ.R. 56 evidence. *Id.* The record in *TPI* did not indicate that the defendant could not adequately respond to the summary judgment motion. *Id.*

{¶27} Similar to *TPI*, we find the record in the present case does not support the Braggs' assertion they could not adequately respond to the summary judgment motion. Our ruling today is not that in all re-filed cases, a continuance to conduct discovery pursuant to Civ.R. 56(F) is never warranted. Rather, it is the burden of the party opposing summary judgment to submit affidavits with sufficient reasons stating why she or he cannot present by affidavit facts sufficient to justify its opposition. The party must state a factual basis and the reasons why it cannot present facts essential to its opposition of the motion. In this case, the trial court determined the Braggs failed to meet their burden and we find the record supports the trial court's determination.

{¶28} The Braggs' first Assignment of Error is overruled.

## II. Motion for Summary Judgment

{¶29} The Braggs argue in their second Assignment of Error that the trial court erred when it granted the motion for summary judgment in favor of GFS.

{¶30} We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * *

* A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶31} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶32} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶33} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶34} In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989). In their motion for summary judgment, GFS argued there was no genuine issue of material fact that GFS did not owe the Braggs a duty of care and in the alternative, if the trial court found it did owe a duty of care, reasonable minds could only conclude GFS did not breach its duty of care.

{¶35} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Gladon v. Greater Cleveland Regional Transit Auth.,* 75 Ohio St.3d 312, 315, 1996–Ohio–137, 662 N.E.2d 287; *Shump v. First Continental–Robinwood Assocs.,* 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. *Shump, supra; Boydston v. Norfolk S. Corp.,* 73 Ohio App.3d 727, 733, 598 N.E.2d 171, 175 (4th Dist.1991).

{¶36} The parties do not dispute Gerald Bragg was a business invitee on November 27, 2013, when he entered the GFS store in Canton, Ohio. An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Broka v. Cornell's IGA Foodliner Inc.,* 5th Dist. No. 12CA100, 2013–Ohio–2506, ¶ 20 citing *Gladon, supra* at 315

{¶37} The business owner is not an insurer of the customer's safety, but the business owner does owe the business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. However, a

business owner owes no duty to protect an invitee from dangers that are known to the invitee or are so obvious and apparent to the invitee he or she may be reasonably expected to discover them and protect him or her against them. *Sidle v. Humphrey,* 13 Ohio St.2d 45, 48, 233 N.E.2d 589 (1968). In other words, a premises owner owes no duty to persons entering the premises regarding dangers which are open and obvious. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, paragraph 5 of the syllabus (Citation omitted.)

{¶38} To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 67–68, 582 N.E.2d 1040, 1042, (12th Dist.1989) citing *Cleveland Athletic Assn. Co. v. Bending*, 129 Ohio St. 152, 194 N.E. 6 (1934). Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded. *Id.*

{¶39} In the case sub judice, Gerald Bragg testified in his deposition that he did not know what caused him to slip on the floor:

A. * * * The parking lot was wet because it snowed earlier in that day but it melted. I walked in. There's a walk-off rug there. I walked over to this alcove where the shopping carts are kept because I was going to need one. I stepped on this gray knobby vinyl area and I went down right now with no warning. There were no yellow cones set out to warn you of a slippery floor or anything. I walked back in there. Like I said, I don't know which foot I put down but I fell instantly.

* * *

Q. What did you step on that caused your slip and fall?

A. I would have no idea other than it was very slippery, whatever it was. I don't know whether the carts had snow on them from earlier or water on them. I couldn't see anything.

* * *

Q. Do you know what the substance is that caused your fall?

A. No.

Q. You said you stepped on something slippery in the vestibule.

A. Yes. I didn't take the time to get a sample or anything.

Q. You didn't inspect that after you fell?

A. No. At that point I was a little more concerned about myself.

(T. 25-26, 33-34).

{¶40} Gerald Bragg could not identify what caused his fall, other than the floor was allegedly slippery. There is no evidence in the record that GFS knew of the alleged slippery status of the floor or how long the floor was slippery before Bragg's fall. Reasonable minds could only conclude there was no negligent act or omission on the part of GFS that proximately caused Gerald Bragg to fall.

{¶41} Bragg's speculation about the substance that caused his fall directs the finder of fact to consider that Gerald Bragg slipped and fell because of snow or water tracked into the store vestibule from the outside. The existence of tracked-in water or snow raises the issue of the open and obvious doctrine. In *Armstrong v. Best Buy Company, Inc.,* the Ohio Supreme Court found a premises owner owes no duty to persons entering the premises regarding dangers that open and obvious. 99 Ohio St.3d 79, 2003–

Ohio–2573, 788 N.E.2d 1088, paragraph 5 of the syllabus, citing *Sidle v. Humphrey,* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph 1 of the syllabus by the court. The rationale of the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Simmers v. Bentley Constr. Co.,* 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶42} We note the axiom that snow and ice are part of wintertime life in Ohio. *Boushack v. Grisez Invest., L.P.*, 2016-Ohio-355, 58 N.E.3d 528, ¶ 19 (5th Dist.) citing *Mt. Vernon v. Young,* 5th Dist. Knox No. 09 CA 30, 2010-Ohio-2501, ¶ 17, citing *Lopatkovich v. Tiffin*, 28 Ohio St.3d 204, 503 N.E.2d 154 (1986). Various "Ohio courts[,] have held that tracked in water or snow near the entrance of a building constitutes an open and obvious condition for which liability does not attach." *Pesci v. William Miller & Assoc.*, 10th Dist. Franklin No. 10AP-800, 2011-Ohio-6290 ¶ 16; *see Hicks v. Kroger Co.,* 5th Dist. No. 96 CA 54, 1996 WL 753187 (Dec. 10, 1996) (tracing of wetness from the entrance door area to the approximate location of the fall and slip and the plaintiff's general conclusion that the substance he slipped on was water or water from ice precluded liability); *Blair v. Vandalia United Methodist Church,* 2nd Dist. No. 24082, 2011–Ohio–873, ¶ 43 (defendant had no duty to warn of an area just inside the entrance that became wet due to tracked in water because the water was an open and obvious condition); *Towns v. WEA Midway, LLC,* 9th Dist. No. 06CA009013, 2007–Ohio–5121, ¶ 14 ("appellant knew it had been raining when she entered the mall and presumptively knew as a result of the rain that the floor might be wet and slippery"); *Lupica v. Kroger Co.,* 3rd Dist. No. 9–91–48 (May 29, 1992) (tracked in water near the store's entrance

which causes a patron to slip "will not give rise to a cause of action against the owner or lessee of the store").

{¶43} The Tenth District Court of Appeals in *Martin v. Giant Eagle, Inc.*, 10th Dist. Franklin No. 13AP-809, 2014-Ohio-2657, ¶¶ 22-23, summarized the open and obvious nature of tracked-in water and snow:

> Tracked in water "is a condition created by inclement weather and everyone should be aware of the conditions." *Boston v. A & B Sales, Inc.,* 7th Dist. No. 11 BE 2, 2011–Ohio–6427, ¶ 41, citing *Boles v. Montgomery Ward & Co.,* 153 Ohio St. 381, 92 N.E.2d 9 (1950). "The Supreme Court of Ohio has held that, '[o]rdinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons.' " *Pesci* at ¶ 15, quoting *Boles* at paragraph two of the syllabus. "Everybody knows that the hallways between the outside doors of * * * buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would be." *S.S. Kresge Co. v. Fader,* 116 Ohio St. 718, 723–24, 158 N.E. 174. "[I]n light of weather conditions, plaintiff 'should have been aware or anticipated the presence of water on the floor inside the mall because on a rainy day, one can expect to find water on the floor in such heavily trafficked areas.' " *Id.,* quoting *Johnson v. Serv. Ctr. Invest. Trust,* 8th Dist. No. 75256 (Dec. 2, 1999). "[S]tore owners have no duty to protect

its patrons from tracked-in water from snow or rain near the entrance to the stores." *Middleton v. Meijer, Inc.,* 2d Dist. No. 23789, 2010–Ohio–3244, ¶ 17.

{¶44} In the present case, Gerald Bragg testifies in his deposition that the GFS parking lot was wet because it snowed earlier and the snow had melted. (T. 25). He stated the snow could have been tracked into the store from a cart or Gerald's feet could have been wet because the parking lot was wet. (T. 34). In support of its motion for summary judgment, GFS also submitted a video recording from the store security camera. It recorded Bragg's fall in the store vestibule. The video shows the entrance to GFS. After walking through the sliding entrance doors, the video shows Bragg stepping immediately onto a black floor mat. Bragg described the black floor mat as a rubber mat. (T. 31). He then steps to his left, off the mat onto a gray floor, which Bragg described as "gray vinyl-covered floor that has like half-dollar knobs on it." (T. 25). The video next shows Bragg reaching for a shopping cart, his right foot slips, and Bragg falls.

{¶45} Bragg was aware the GFS parking lot was wet due to the recent snow event. He speculated he could have slipped in the entrance of the store on water tracked in by shopping carts or from his feet. Water from snow or ice is an open and obvious condition for which no duty to warn applies to GFS.

{¶46} For these reasons, we find no error for the trial court to grant summary judgment in favor of GFS. The Braggs' second Assignment of Error is overruled.

## CONCLUSION

{¶47} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.