[Cite as *Goddard v. Greater Cleveland Regional Transit Auth.*, 2022-Ohio-2679.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANGELA GODDARD,                    :

    Plaintiff-Appellant,        :

                                 No. 111049

v.                                 :

GREATER CLEVELAND REGIONAL
TRANSIT AUTHORITY,                 :

    Defendant-Appellee.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-945753

---

## *Appearances:*

William N. Masters Co., LPA, William N. Masters, and John C. Calabrese, *for appellant*.

Sheryl King Benford, General Counsel – Deputy General Manager for Legal Affairs, Greater Cleveland Regional Transit Authority, Keith A. Ganther, Acting Deputy General Counsel and Brian R. Gutkoski, Associate Counsel II, *for appellee*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant, Angela Goddard, appeals the trial court's award of summary judgment in favor of defendant-appellee, Greater Cleveland Regional Transit Authority ("GCRTA"). After a thorough review of the facts and the law, we affirm.

{¶ 2} On February 7, 2017, appellant slipped and fell at the Windermere transit station. According to appellant, it was "pouring" rain that day. It was raining when she left her house, so she took an umbrella. Appellant entered the Windermere transit station after getting off the train around 10:45 a.m. and it was still raining outside. To access the lower-level concourse, one must go inside the station, and "as soon as you turn left, there's a ramp to go down." Appellant was familiar with the Windermere station, testifying she had been through the station numerous times "every day." According to appellant, the station was "well lit" and nothing was blocking her view as she entered the station and accessed the ramp. Appellant reached for the railing on the ramp, testifying that she always uses the railing due to problems with her knees. She began to walk down the ramp, slipped and fell, and injured her right knee. Appellant testified at the deposition that the floor "was like damp * * * dew from the heat and rain."

{¶ 3} On February 5, 2019, appellant filed suit against appellee and five John Does in Cuyahoga C.P. Case No. CV-19-910587. She filed a notice of dismissal pursuant to Civ.R. 41(A), and the trial court dismissed her claim without prejudice on August 14, 2020. Appellant refiled her claim against appellee and the five John

Does on March 31, 2021. In her complaint, appellant alleged that her fall at appellee's Windermere transit station was due to appellee's negligent design and maintenance of the station and its failure to warn her of the wet floor.

{¶ 4} Appellee moved for summary judgment. Appellant filed a brief in opposition, in which she attached an expert report from architect Richard Zimmerman ("Zimmerman"). Zimmerman opined, in part, that "* * * the unnatural accumulation of water on the hard, dense, smooth, porcelain tile surface of the incident with deficient traction strips directly and proximately caused Ms. Goddard's fall and injury." Zimmerman report (May 20, 2021), p. 8.

{¶ 5} The trial court granted summary judgment, holding, in part: "GCRTA is not liable for Plaintiff's injuries because the wet condition of the ramp within the transit station was open and obvious. Specifically, tracked-in water due to inclement weather constitutes a hazard that an objective, reasonable person would deem open and obvious." Journal entry (Oct. 26, 2021).[1]

{¶ 6} Appellant filed a timely notice of appeal, raising the following assignments of error, which we combine for review:

> I. The trial court erred in granting appellee's motion for summary judgment on the basis of "plaintiff failed to present any evidence that would create an issue of material fact suggesting that a GCRTA employee negligently maintained the [Windermere] Transit Station."
>
> II. The Trial Court erred in granting Appellee's Motion for Summary Judgment based upon the inconclusive and unfounded findings of "the

---

[1] Appellant also claimed spoilation of evidence on which the trial court granted summary judgment in favor of appellee. Appellant does not argue on appeal that the trial court erred on this claim; therefore, we do not consider the spoilation of evidence claim on appeal.

wet condition of the ramp was open and obvious," especially in light of the fact that by their own creation and negligent maintenance, Appellee knew of the dangerous hazard upon this ramp that caused Appellant to fall.

**Final Appealable Order**

{¶ 7} After appellate briefs were filed, this court sua sponte ordered the parties to brief whether there was a final, appealable order, noting that appellant had named John Doe defendants and the trial court's October 26, 2021 judgment entry awarding summary judgment did not include Civ.R. 54(B) language. The parties submitted their briefs, both arguing that there was a final, appealable order and this court has jurisdiction to hear the appeal. We agree.

**Summary Judgment**

{¶ 8} This court reviews a trial court's ruling on a motion for summary judgment de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 9} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her

entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 10} We are mindful that the Supreme Court of Ohio noted in *Peters v. B. & F. Transfer Co.*, 7 Ohio St.2d 143, 219 N.E.2d 27 (1966), "'[u]nder our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his [or her] trial by jury when he [or she] has the right.'" *Id.* at paragraph eight of the syllabus, quoting *J. C. Penny Co. v. Robison*, 128 Ohio St. 626, 193 N.E. 401 (1934), paragraph six of the syllabus. Indeed, the Ohio Supreme Court has indicated that granting of summary judgement "should be encouraged in proper cases." *North v. Pennsylvania RR. Co.*, 9 Ohio St.2d, 169, 171, 224 N.E.2d 757 (1967).

{¶ 11} In order to establish a cause of action for negligence, appellant must show: (1) the existence of a duty; (2) a breach of that duty; and (3) an injury proximately resulting therefrom. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8.

{¶ 12} First, we examine whether appellee owed a duty to appellant. "'If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.'" *Jeffers v.*

*Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989), quoting 70 Ohio Jurisprudence 3d, Negligence, Section 13, at 53-54 (1986). The existence of a duty is a question of law. *Wallace v. Ohio DOC*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22.

{¶ 13} The status of a person who enters another's property defines the scope of the legal duty owed to that person. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner. *Id.*, citing *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 502 N.E.2d 611 (1986). Property owners owe invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including warning them of latent or hidden dangers so as to avoid unnecessarily and unreasonably exposing them to risk of harm. *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372 N.E.2d 335 (1978). The parties agree that appellant was a business invitee.

{¶ 14} It is well settled that a property owner is under no duty to protect a business invitee against dangers that are known to the invitee or are so open and obvious to the invitee that he or she may reasonably be expected to discover them and protect him or herself against them. *Naso v. Victorian Tudor Inn, L.L.C.*, 8th Dist. Cuyahoga No. 110652, 2022-Ohio-1065, ¶ 10, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus. The rationale underlying the doctrine is that an open-and-obvious danger serves as its own

warning. *Naso* at *id.*, citing *Early v. Damon's Restaurant*, 10th Dist. Franklin No. 05AP-1342, 2006-Ohio-3311, ¶ 7.

{¶ 15} Open-and-obvious dangers are those that are not hidden, concealed from view, or undiscoverable upon ordinary inspection. *Lydic v. Lowe's Cos., Inc.*, 10th Dist. Franklin No. 01AP-1432, 2002-Ohio-5001, ¶ 10. "A person does not need to observe the dangerous condition for it to be an open and obvious condition under the law; rather, the determinative issue is whether the condition is observable." *Early* at ¶ 8, citing *Lydic* at *id.* The open-and-obvious doctrine focuses on the nature of the dangerous condition itself, rather than the plaintiff's conduct in encountering it. *Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13. "[T]he question is whether, under an objective standard, the danger would have been discernible to a reasonable person." *Smith v. Wal-Mart Stores, Inc.*, 4th Dist. Ross No. 18CS3661, 2019-Ohio-2425, ¶ 14, citing *Lang v. Holly Hill Motel, Inc.*, 4th Dist. Jackson No. 06CA18, 2007-Ohio-3898, ¶ 25.

{¶ 16} Whether a duty exists is a question of law for the court to determine. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). The issue of whether a hazardous condition is open and obvious may present a genuine issue of fact for a jury to decide but where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 17.

{¶ 17} If an alleged hazard is open and obvious, whether the plaintiff can prove the elements of negligence other than duty is superfluous. *Horner v. Jiffy Lube Internatl., Inc.*, 10th Dist. Franklin No. 01AP–1054, 2002–Ohio–2880, ¶ 17. Because the open-and-obvious doctrine is determinative of the threshold issue of duty, we begin, and in this case, end our analysis with that issue. *See Caravella v. W.-WHI Columbus Northwest Partners*, 10th Dist. Franklin No. 05AP-499, 2005-Ohio-6762, ¶ 13.

{¶ 18} The trial court granted summary judgment in favor of appellee on the basis that the ramp in the transit station was an open-and-obvious danger as a matter of law and, therefore, appellee had no duty to warn appellant about the ramp. "The existence of tracked-in water or snow raises the issue of the open and obvious doctrine." *Bragg v. GFS Marketplace, L.L.C.*, 2018-Ohio-3781, 109 N.E.3d 1277, ¶ 41 (5th Dist.).

{¶ 19} Negligence cannot be established by the mere fact that a person slipped and fell. *Hess v. One Americana Ltd. Partnership*, 10th Dist. Franklin No. 01AP-1200, 2002-Ohio-1076, ¶ 11, citing *Shepherd v. Mt. Carmel Health*, 10th Dist. Franklin No. 99AP-197 (Dec. 2, 1999). "To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." *Goodman v. McDonald's Corp.*, 8th Dist. Cuyahoga No. 107268, 2019-Ohio-2216, ¶ 27, citing *Bragg*, citing *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 582 N.E.2d 1040 (12th Dist.1989). "Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on

the part of the defendant is precluded." *Goodman* at *id*., citing *Bragg* at *id*. It continues to be the plaintiff's burden of proof to show that the condition claimed as the triggering event was unreasonably dangerous; it is not the landowner's burden to show that the premises were in a reasonably safe condition. *Goodman* at *id*., citing *Bond v. Mathias*, 11th Dist. Trumbull No. 94-T-5081, 1995 Ohio App. LEXIS 979, 11 (Mar. 17, 1995).

{¶ 20} Appellant testified at deposition that she had been using public transportation since her high school years. She was familiar with the Windermere transit station because she went "that way every day." On February 7, 2017, appellant left her house carrying an umbrella because it was raining, "pouring," and wore tennis shoes. It was still raining when she alighted from the train and entered the Windermere transit station around 10:45 a.m. Appellant testified as follows:

> Q. [D]id you see water in the area where you were walking before you slipped and fell?
>
> Appellant: Water physically, no, I didn't see the water. But from the rain, the dew on the floor, and umbrellas, you know, it was pouring down rain that day. So I didn't see actual physical water, but the floor was dew, like dew wet, because you know * * * [w]hen you go inside the door, it's really warm. And the outside rain, it makes dew. So the floor was like damp. I can't say I seen physically water, but just the dew from the heat and rain.
>
> Q: And your belief as to how that occurred, this dew and the water, you think it was from the rain that day?
>
> Appellant: Rain, yeah, and other people coming through with their umbrellas and stuff like that.
>
> Q: Just tracked in water?
>
> Appellant: Yes.

Q: And you saw a lot of people with umbrellas?

Appellant: Yes.

Q: And at the time this occurred, you said it was pouring rain?

Appellant: Outside, yes.

{¶ 21} Appellant further testified that she saw tracks in the area where people had been walking through the wet floor and she was able to perceive that the floor was wet "because it's raining outside." Appellant testified that there was nothing blocking her view as she entered the transit station, approached the ramp, and began her descent. She was able to hold the handrail. Appellant testified that she did not see anyone else slip on the ramp while she was there. Appellant's expert, Zimmerman, opined that "the unnatural accumulation of water on the hard, dense, smooth, porcelain tile surface of the incident ramp with deficient traction strips directly and proximately caused" her fall.

{¶ 22} At oral argument on this matter, appellant insisted that it was not the wet or damp condition of the ramp that caused her fall but appellee's negligent installation or maintenance of traction strips on the ramp. But appellant never testified or maintained that she fell on or near the traction strips.

{¶ 23} Even if we were to assume that either a damp ramp or the traction strips constituted a hazardous condition, appellant failed to create an issue for trial regarding whether the hazard was open and obvious. Appellant testified that nothing blocked her view, and the area was "well lit." The open-and-obvious doctrine concerns an objective standard regarding whether a hazard is observable,

and appellant's own testimony reflects she was familiar with riding public transit, with this particular transit station, and had a chance to observe and appreciate the condition of the ramp's surface. A premise's owner may reasonably expect their invitees to discover an open hazard and take appropriate measures to protect themselves. *Goodman*, 8th Dist. Cuyahoga No. 107268, 2019-Ohio-2216, at ¶ 28, citing *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 597 N.E.2d 504 (1992). If there was anything hazardous on the ramp, whether it be dampness or the condition of the traction strips, appellant's own testimony shows she had been alerted to it and the appellee may reasonably expect her to take appropriate measures to protect herself.

{¶ 24} Various Ohio courts, including this court, have held that tracked in water or snow near the entrance of a building constitutes an open and obvious condition for which liability does not attach. *Bragg*, 2018-Ohio-3781, 109 N.E.3d 1277, at ¶ 42 (5th Dist.), citing *Pesci v. William Miller & Assocs., L.L.C.*, 10th Dist. Franklin No. 10AP-800, 2011-Ohio-6290.

{¶ 25} Tracked in water "is a condition created by inclement weather and everyone should be aware of the conditions." *Smith v. Zuchowski*, 8th Dist. Cuyahoga No. 101043, 2014-Ohio-4386, ¶ 20, citing *Boston v. A & B Sales, Inc.*, 7th Dist. Clermont No. 11 BE 2, 2011-Ohio-6427, ¶ 41. The Ohio Supreme Court has held that, "'[o]rdinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons.'" *Pesci* at

¶ 15, quoting *Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381, 92 N.E.2d 9 (1950), at paragraph two of the syllabus. "Everybody knows that the hallways between the outside doors of * * * buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks and are thereby rendered more slippery than they otherwise would be." *S.S. Kresge Co. v. Fader*, 116 Ohio St. 718, 723-24, 158 N.E. 174. This court has held that tracked-in water is a condition created by inclement weather and "everyone should be aware of the condition." *Smith* at *id.*, citing *Boston*.

> In light of weather conditions, plaintiff should have been aware or anticipated the presence of water on the floor inside the mall because on a rainy day, one can expect to find water on the floor in such heavily trafficked areas. * * * Thus, if her fall resulted from tracked-in water, as Smith appears to speculate, it would have been an open and obvious hazard.

(Internal citations omitted.) *Smith* at *id.*

{¶ 26} Likewise, here, the condition on the ramp was an open-and-obvious condition of which appellant should have been aware. Therefore, considering the evidence in favor of appellant, we are compelled to conclude the evidence did not create a genuine issue of material fact regarding appellee's duty to appellant under the open-and-obvious doctrine. The trial court properly granted summary judgment in favor of appellee. The two assignments of error are overruled. Judgment affirmed.

{¶ 27} It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR